UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON JAMISON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:08 CV 913 RWS |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Jason Jamison seeks a writ of habeas corpus. He asserts sixteen grounds for relief arising a jury in the Circuit Court of the City of St. Louis finding him guilty of second-degree murder and armed criminal action.

I referred this matter to United States Magistrate Judge David D. Noce for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On May 12, 2011, Judge Noce filed his recommendation that Petitioner's habeas petition should be denied. Judge Noce recommended that Jamison's petition be denied as untimely because he did not file his petition within the one year statute of limitations period of 28 U.S.C. § 2244(d)(2), that Grounds 1-9 of Jamison's petition may be dismissed because they are procedurally barred, and that Grounds 1-16 may also be dismissed on the basis that they each fail on the merits.

Jamison raises seven objections to Judge Noce's recommendation that habeas relief be denied. Jamison does not object to Judge Noce's conclusion that all of his claims should be denied as untimely. I have conducted a de novo review of all matters relevant to the petition and address each objection below.

-1-

*Objection 1*

Jamison argues that Judge Noce erred in finding that he is not entitled to relief because he was denied access to free law books while he was incarcerated in Ground 3. I find Judge Noce correctly analyzed Jamison's petition and correctly applied the law in reaching his recommendation that a violation of law library access cannot constitute habeas relief. As a result, Jamison's objection to Ground 3 is overruled.

*Objection 2*

Jamison argues that Judge Noce erred in finding that the claims Jamison failed to assert in his appeal are procedurally barred because he needed the assistance of his counsel to properly assert the claims and his counsel failed to do so. In his brief, Jamison admits that he failed to raise Grounds 1-9 in state court. I find that Judge Noce correctly analyzed Jamison's petition and correctly applied the law in reaching his recommendation that Grounds 1-9 are procedurally defaulted. As a result, Jamison's objections to whether Grounds 1-9 are procedurally barred is overruled.

*Objection 3*

Jamison next argues Judge Noce erred in finding Jamison was not entitled to habeas relief on the merits for Grounds 1, 8, and 9 and, in doing so, largely restates the claims he asserts in his petition. Jamison also asserts Judge Noce improperly recommended that he had not established he was prejudiced by the state's failure to provide the audio tape of Johnson's testimony. I find Judge Noce properly concluded the minor inconsistencies in Johnson's testimony do not indicate an intention to lie under oath, that Jamison has failed to show Johnson committed perjury, and that Jamison has failed to show that the state knew or should have known Johnson's testimony was

perjury. I also find Judge Noce correctly analyzed Jamison's petition and correctly applied the law in reaching his recommendation that Jamison failed to show a reasonable probability the jury verdict would have been different if the state had turned over Johnson's erased taped statement, given the overwhelming evidence supporting Jamison's guilt.

*Objection 4*

Jamison argues Judge Noce erred in finding Ground 2 of his petition was not meritorious. In Ground 2 of his petition, Jamison asserts he was not given an opportunity to enter a plea and asserts that he was told by his attorney to enter a plea. I find that Judge Noce correctly analyzed Jamison's petition and correctly applied the law in reaching his recommendation that Ground 2 of Jamison's petition fails on the merits because his assertions are not factually supported by the record.

*Objection 5*

Jamison objects to Judge Noce's recommendation that his assertions of ineffective assistance of counsel in Grounds 4, 5, 6, 7, 12, 13, 14, 15 and 16 of his petition are without merit. In his Objection, Jamison reasserts or incorporates the arguments presented in his petition. I find that Judge Noce correctly analyzed Jamison's petition and correctly applied the law in recommending that Grounds 4, 5, 6, 7, 12, 13, 14, 15 and 16 are without merit.

*Objection 6*

Jamison objects to Judge Noce's recommendation that Ground 10 of the petition is without merit. In his Objection, Jamison incorporates the arguments he asserted in his petition that his Fifth and Fourteenth Amendment rights were violated because the trial court erred by allowing the state to impeach Latasha Smith with her recorded statement when the state had not provided

petitioner with a copy of the statement during pretrial discovery. I find that Judge Noce correctly analyzed Jamison's petition and correctly applied the law in recommending Ground 10 is without merit.

*Objection 7*

Jamison objects to Judge Noce's recommendation that Ground 11 of the petition is without merit. In his Objection, Jamison incorporates the arguments he asserted in his petition that the trial court erred in allowing John Johnson to testify that Jamison had bought marijuana from Johnson in the past. I find that Judge Noce correctly analyzed Jamison's petition and correctly applied the law in recommending Ground 11 is without merit because the testimony was properly admitted for the purpose of demonstrating Johnson's ability to identify the petitioner.

**Conclusion**

I find that Judge Noce correctly analyzed Jamison's grounds for relief and correctly applied the law in reaching his recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Noce and will deny Jamison's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878. 882-83 (8th Cir. 1994)).

I believe that Jamison has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Noce's Report and Recommendation [#22] filed on May 12, 2011 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Jason Jamison's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2011.